IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PILGRIM REST BAPTIST CHURCH, § § | |
| Plaintiff, § § | |
| V. § | CIVIL ACTION NO. H-10-2067 |
| § | |
| HARTFORD LLOYDS INSURANCE § COMPANY, § § | |
| Defendant. § | |

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Defendant's Plea in Abatement (Document No. 5), in which Defendant maintains that it did not receive the pre-suit notice it was entitled to under the Texas Insurance Code. Defendant seeks an abatement of this action for a period of sixty days from the date of its receipt of sufficient notice is warranted.

Having considered the motion, the response in opposition (Document No. 11), Plaintiff's Reply (Document No. 12), the contents of Plaintiff's pre-suit notice letter, and the notice requirements in § 541.154 of the Texas Insurance Code, it is ORDERED, for the reasons set forth below, that Defendant's Plea in Abatement (Document No. 5) is GRANTED and this suit is ABATED until the 60th day after notice is provided by Plaintiff to Defendant in compliance with § 541.154 of the Texas Insurance Code.

Section 541.154 of the Texas Insurance Code requires a plaintiff in an insurance case to "provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice "must advise the other person of: (1) the specific complaint; and (2) the amount of actual damages and expenses, including attorney's fees reasonably

incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b). The purpose of the notice is to encourage settlement as an alternative to litigation. *Cleo Bustamante Entertainment, Inc. v. Lumberman's Mut. Cas. Co.*, 2005 WL 1586994 *1 (W.D. Tex. 2005). The notice must provide "specific factual allegations" or "at least enough information to imply those facts." *Boone v. Safeco Ins. Co. of Indiana*, 2009 WL 3063320 at *3 (S.D. Tex. 2009). Notice is not required "if giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring; or (2) is asserted as a counterclaim." TEX. INS. CODE § 541.154(c). The notice exception applies only when giving notice is "impractical" and suit is filed "to prevent the statute of limitations from expiring." The party relying on the notice exception in § 541.154(c) has the burden of proving that the statute of limitations made notice impractical prior to the filing deadline. *Cleo Bustamante Entertainment*, 2005 WL 1586994 at *1 ("In order to qualify for the exception to the notice requirement because of an impending statute of limitations, a plaintiff must plead and offer some proof that the giving of notice was "rendered impracticable" by the impending expiration of the limitations period.").

When the statutory notice called for in § 541.154 is not provided prior to suit being filed, an abatement of the action is statutorily required. *See Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992). Section 541.155 of the Texas Insurance Code provides for such as follows:

(a) A person against whom an action under this subchapter is pending who does not receive the notice as required by Section 541.154 may file a plea in abatement not later than the 30th day after the date the person filed an original answer in the court in which the action is pending.

(b) The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154.

(c) An action is automatically abated without a court order beginning on the 11th day after the date a plea in abatement is filed if the plea:
   (1) is verified and alleges that the person against whom the action is pending did not receive the notice as required by Section 541.154; and
   (2) is not controverted by an affidavit filed by the claimant before the 11th day after the date the plea in abatement is filed.

(d) An abatement under this section continues until the 60th day after the date notice is provided in compliance with Section 541.154.

Here, Plaintiff maintains that the pre-suit notice letter it sent Defendant, coupled with its earlier correspondence and damage estimate, provided Defendant with sufficient factual detail to satisfy the notice requirements of § 541.154 of the Texas Insurance Code. Plaintiff is mistaken. The notice letter sent by Plaintiff, in which Plaintiff specifically referenced the notice requirement of § 541.154, provided no facts whatsoever about Plaintiff's claim. Instead, the letter merely stated that Defendant had not yet paid Plaintiff's claim, and that the delay in payment gave rise to claims under the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Section 541.154 of the Texas Insurance Code requires more. *See e.g., Boone*, 2009 WL 3063320 at 3; *Nichols v. Nationwide Property and Casualty Ins. Co.*, 2010 WL 1576694 (S.D. Tex. 2010).

Based on the insufficiency of the pre-suit notice provided by Plaintiff, abatement of this action is warranted.

Signed at Houston, Texas, this 17th day of February, 2011.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE